IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GERALD BUSH,** *Plaintiff,* v. **PHILADELPHIA REDEVELOPMENT AUTHORITY, et al.**, *Defendants.* | **Case No. 2:20-cv-05631-JDW** |

**MEMORANDUM**

This Court dismissed Gerald Bush's Complaint with prejudice as frivolous and malicious. Undeterred, Mr. Bush sought leave to amend his Complaint five months later. However, once the Court issued its final order disposing of the case, Mr. Bush lost the ability to amend the Complaint. Even if he could amend, his proposed amendment would be futile because it is based on a fundamental misunderstanding of facts and law. Given all of this, the Court will deny Mr. Bush's motion to file an amended complaint.

**I.     BACKGROUND**

**A.     The Initial Taking And First Federal Lawsuit**

This is the second case Plaintiff Gerald Bush has filed in this Court concerning property located at 5108 Chester Avenue in Philadelphia, Pennsylvania (the "Property"). In short, he claims that he made a deal with the City of Philadelphia to obtain ownership of the Property after making necessary repairs and maintenance. Mr. Bush claims that the

agreement gives him a non-possessory interest in the Property and contends that the record owner of the Property, the Philadelphia Redevelopment Authority ("PRA"), and its employees violated the Takings Clause of the Fifth Amendment to the United States Constitution when PRA acquired the Property via eminent domain in 2003. Prior decisions from this Court and the Third Circuit Court of Appeals contain more detailed factual recitations, and the Court incorporates them by reference. *See Bush v. Philadelphia Redevelopment Auth.*, No. 20-cv-5631, 2021 WL 84067 (E.D. Pa. Jan. 11, 2021); *Bush v. Philadelphia Redevelopment Auth.*, No. 18-cv-5659, 2019 WL 4139032, at *1 (E.D. Pa. Aug. 29, 2019), *aff'd in part, vacated in part, remanded*, 822 F. App'x 131 (3d Cir. 2020).[1]

### B. New Allegations

Aside from repeating the same factual allegations about the alleged taking, Mr. Bush now complains about the demolition of the Property and certain events leading to it. In April 2003, PRA initiated condemnation proceedings in the Philadelphia Court of Common Pleas with respect to the Property and acquired ownership of it via eminent domain.[2] Nevertheless, Mr. Bush continued to reside in or make improvements to the Property.

---

[1]   The Court refers to Case No. 18-cv-5659, and all subsequent proceedings in this Court and the Third Circuit, collectively as "*Bush I*."

[2]   The case is *A Condemnation Proceeding In Rem By The Redevelopment Authority Of The City Of Philadelphia County For The Purpose Of Redevelopment Of Southwest Schuylkill Redevelopment Area, Greenway Urban Renewal Area, Condemnation No. 1 Philadelphia, Including Certain Land Improvements And Properties*, Philadelphia County Court of Common Pleas, April Term 2003, No. 1046 (the "Condemnation Action").

On January 9, 2019, while *Bush I* was pending, PRA filed a Petition for a Writ of Possession to remove Mr. Bush and any other occupants from the Property. The Court of Common Pleas scheduled a hearing for March 6, 2019. According to the public docket, PRA filed an affidavit of service, certifying that it served Mr. Bush with notice of the hearing that was to take place. However, Mr. Bush alleges that he did not receive advance notice of the hearing, and he did not attend. The trial court conducted the hearing without Mr. Bush present and issued an order that authorized PRA to file a praecipe for a writ of possession to remove Mr. Bush from the Property. Two days later, Mr. Bush moved for reconsideration. On May 16, 2019, the Common Pleas Court held a hearing on the motion for reconsideration, and Mr. Bush attended. He alleges that Paulette Adams, Jannie Blackwell, Sandy Hayes, Christi Jackson, and Robert Labrum[3] all "understood that plaintiff could not prove his case without City Council and they agreed to not allow any evidence in court about the implied agreement because it would show state inaction on a promise that they promised after the property was in possession of the plaintiff in 2002 until 2019[.]" (ECF No. 18 at p.6 of 12.) As a result, none of these individuals appeared at the hearing, and they did not present the evidence that they had, which Mr. Bush believes would demonstrate his interest in the Property. Following the

---

[3]     Jannie Blackwell is a former member of the Philadelphia City Council. As of 2018, Paulette Adams was a Director of Community Development for the City of Philadelphia. Mr. Bush alleges that Sandy Hayes was Ms. Adams's predecessor. Christi Jackson was the Director of Property Management/Residential Services at PRA, and Robert Labrum is a Director of Design and Construction at PRA.

hearing, the Common Pleas Court denied Mr. Bush's motion for reconsideration, leaving its earlier order from March 6, 2019, in effect. Mr. Bush alleges that Defendants demolished the Property at some point in 2020.[4]

### C.     The Present Matter

Mr. Bush filed this action on November 9, 2020, asserting takings claims against the PRA, Mr. Labrum, and Ms. Jackson, based on the PRA's acquisition of the Property via eminent domain in 2003. Mr. Bush raised the same claims against the same three Defendants in *Bush I*. Three days later, Mr. Bush purported to file an Amended Complaint against PRA, the City of Philadelphia, the Commonwealth of Pennsylvania, Paulette Adams, and Gregory Heller,[5] pursuant to the Civil Liability Act.

On January 11, 2021, the Court (1) determined that Mr. Bush's latest action raised the same claims that the Court dismissed with prejudice in *Bush I*; (2) held that *res judicata* barred the claims; and (3) dismissed the Complaint with prejudice as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See Bush*, 2021 WL 84067 at *1; ECF No. 7 at ¶ 2.

Five months after the Court dismissed his Complaint with prejudice, Mr. Bush filed a document with the Court titled: Permission To File Federal Rule Of Civil Procedure Rule

---

[4]     Mr. Bush alleges that the demolition occurred in June 2020 (ECF No. 18 at p.8 of 12), while PRA contends that the Philadelphia Department of Licenses and Inspections cited the Property as "imminently dangerous" in June 2020 and demolished it on August 14, 2020. (ECF No. 21-2 at p.4 of 16.) The exact date of the demolition is not relevant.

[5]     Mr. Heller is the former Executive Director of PRA.

15 Amended Complaint Under 42 U.S.C. 1983 Fifth And Fourteenth Amendment Non-Possessory Interest Right.[6] (ECF No. 17.) Three days later, he filed a "Correction Brief" with the same title. (ECF No. 18.) Mr. Bush also filed a "supplemental amendment in support of the amended complaint." (ECF No. 22.) The Court construes all three documents as a single motion to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) (the "Motion to Amend").

Mr. Bush's Motion to Amend does not make clear which entities or individuals he intends to name as defendants. However, given Mr. Bush's *pro se* status, the Court will assume that he intended to name as defendants PRA, the City of Philadelphia, the Commonwealth of Pennsylvania, Ms. Adams, Ms. Blackwell, Ms. Hayes, Ms. Jackson, and Mr. Labrum because Mr. Bush lists these parties in the caption or refers to them in his Motion to Amend. He asserts various federal and state law claims, including (1) takings claims based on alleged violations of the Fifth and Fourteenth Amendments to the U.S. Constitution; (2) claims based on various violations of his procedural due process rights; (3) a claim based on implied contract,[7] (4) a claim for common law tort; and 5) alleged

---

[6]     Mr. Bush is a frequent *pro se* filer in this Court. In 2010, "the District Court enjoined [him] from filing claims under 42 U.S.C. § 1983 without leave of the Court" and the Third Circuit Court of Appeals has upheld that injunction, which also requires Mr. Bush "to certify that the claims he wishes to present have never before been raised and disposed of on the merits by any federal courts." *Bush v. Dep't of Hum. Servs.*, 485 F. App'x 594, 596 n.3 (3d Cir. 2012). That injunction remains in place.

[7]     Mr. Bush uses the term "implead contract" throughout his Motion to Amend. However, because the Court is unaware of such a cause of action, it assumes Mr. Bush intends to assert a claim based on an implied contract.

5

violations of 2 Pa. C.S.A. §§ 101 and 553. Mr. Bush does not specify which claims he intends to assert against which Defendants, so the Court assumes he intends to assert all claims against all Defendants.

PRA, Ms. Jackson, Mr. Labrum, and Mr. Heller[8] contend that Mr. Bush has not served them with process in this matter and, therefore, the Court does not have jurisdiction over them. Regardless, they have opposed Mr. Bush's Motion to Amend. It does not appear that Mr. Bush served any of the other potential Defendants in this matter. Thus, they have not appeared in the case or filed a response to his Motion to Amend. While the motion was pending, this matter was reassigned to the Undersigned on July 22, 2022. The motion is ripe for the Court's disposition.

## II.   LEGAL STANDARD[9]

The Federal Rules of Civil Procedure accommodate the federal courts' policy of the liberal amendment of pleadings. To that end, Rule 15(a) "enable[s] a party to assert

---

[8] Mr. Bush did not refer to Mr. Heller anywhere in his Motion to Amend, so the Court does not construe the proposed pleading as asserting a claim against him. To the extent Mr. Bush intends to bring claims against Mr. Heller, those claims would fail pursuant to Federal Rule of Civil Procedure 12(b)(6) because Mr. Bush has not alleged any facts pertaining to Mr. Heller.

[9] Mr. Bush relied on Federal Rule of Civil Procedure 15 throughout his Motion to Amend and the related filings.  Therefore, the Court analyzed the Motion pursuant to that standard and did not construe his motion as seeking relief under a separate rule. *See Freeman v. Allentown Sch. Dist.*, No. 19-cv-4336, 2019 WL 4805224, at *2 (E.D. Pa. Oct. 1, 2019) (while courts construe pro se submissions liberally, "it is not 'the proper function of the district court to assume the role of advocate for the pro se litigant.'") (quotation omitted).

matters that were overlooked or were unknown at the time the party interposed the original complaint." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (quotation omitted). Though "leave to amend should be freely given 'when justice so requires,' … [t]here are three instances when a court typically may exercise its discretion to deny a Rule 15(a) motion for leave to amend: when '(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'" *United States ex rel. Customs Fraud Investigations, LLC. v. Victaulic Co.*, 839 F.3d 242, 249 (3d Cir. 2016) (quotations omitted). "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) (quotation omitted).

## III.   ANALYSIS

### A.   Mr. Bush Cannot Amend His Complaint

The Court rendered a final judgment against Mr. Bush in this matter when it dismissed his Complaint with prejudice on January 11, 2021. *See R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC*, No. 21-cv-2742, --- F.4th ----, 2022 WL 3350590, at *2 (3d Cir. Aug. 15, 2022). The entry of this final order means that Mr. Bush cannot invoke Fed. R. Civ. P. 15(a) to seek to amend his Complaint. "Although Rule 15 vests the District Court with considerable discretion to permit amendment 'freely … when justice so requires,' the liberality of the rule is no longer applicable once judgment has been entered." *Ahmed v.*

7

*Dragovich*, 297 F.3d 201, 207-08 (3d Cir. 2002) (quotation omitted); *see also Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). "To hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." *Id.* at 208 (same). Because the Court dismissed Mr. Bush's Complaint with prejudice, Mr. Bush cannot seek leave to amend. On that basis alone, the Court must deny Mr. Bush's motion.

> **B. Futility**
>
> > **1. Federal claims from the 2003 condemnation**
> >
> > > **a. Claims against PRA**

Even if Mr. Bush could rely on Fed. R. Civ. P. 15 to amend his Complaint, the Court would deny his motion because the proposed amendment would be futile. The doctrine of *res judicata*, or claim preclusion, applies when there has been "a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies." *E.E.O.C. v. U.S. Steel Corp.*, 921 F.2d 489, 493 (3d Cir. 1990). The doctrine applies both to claims that were brought in a prior action and claims that could have been brought in that prior action. *See Marmon Coal Co. v. Dir. Officer of Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013). Mr. Bush has presented, or could have presented, all of his claims against PRA in the Court of Common Pleas, and that result bars him from asserting the same claims again in this case. The Third Circuit has already held that the state court

*Dragovich*, 297 F.3d 201, 207-08 (3d Cir. 2002) (quotation omitted); *see also Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). "To hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." *Id.* at 208 (same). Because the Court dismissed Mr. Bush's Complaint with prejudice, Mr. Bush cannot seek leave to amend. On that basis alone, the Court must deny Mr. Bush's motion.

**B.  Futility**

    **1.  Federal claims from the 2003 condemnation**

        **a.  Claims against PRA**

Even if Mr. Bush could rely on Fed. R. Civ. P. 15 to amend his Complaint, the Court would deny his motion because the proposed amendment would be futile. The doctrine of *res judicata*, or claim preclusion, applies when there has been "a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies." *E.E.O.C. v. U.S. Steel Corp.*, 921 F.2d 489, 493 (3d Cir. 1990). The doctrine applies both to claims that were brought in a prior action and claims that could have been brought in that prior action. *See Marmon Coal Co. v. Dir. Officer of Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013). Mr. Bush has presented, or could have presented, all of his claims against PRA in the Court of Common Pleas, and that result bars him from asserting the same claims again in this case. The Third Circuit has already held that the state court

proceedings bar these claims. *See Bush v. Phila. Redev. Auth.*, 822 F. App'x 131, 134 (3d Cir. 2020).

To avoid *res judicata*, Mr. Bush seizes on a footnote from the Third Circuit's opinion holding that the *Rooker-Feldman* doctrine does not bar federal courts from considering Mr. Bush's claims. In that footnote, the Court of Appeals expressed no opinion on whether Mr. Bush has a non-possessory interest in the Property. But it doesn't matter because the Circuit held *res judicata* applicable. So Mr. Bush cannot sue in any event, and his amended claims against PRA are futile.

### b. Claims against Mr. Labrum and Ms. Jackson

*Res judicata* also bars Mr. Bush's claims against Mr. Labrum and Ms. Jackson. Mr. Bush did not sue them in state court, but he did sue them in *Bush I*. The Third Circuit agreed with the Court that Mr. Bush "failed to state any plausible claim" against Mr. Labrum or Ms. Jackson. *Id.* at 135. The prior dismissal (and affirmance) of claims against Mr. Labrum and Ms. Jackson constitutes a final judgment, and Mr. Bush cannot revive his claims against them in a new lawsuit. Therefore, any amendment that asserts claims against them would be futile.

### c. Claims against other Defendants

It is unclear whether Mr. Bush intends to pursue claims against any other defendants based upon PRA's alleged taking of his Property in 2003. To the extent Mr. Bush is asserting such a claim, those claims would fail. *First*, there are no allegations that

9

any of the three individuals had any involvement in the initial proceedings in the Condemnation Action that occurred in April 2003. *Second*, Mr. Bush has not asserted plausible allegations that either the City of Philadelphia or the Commonwealth of Pennsylvania was involved in those proceedings. Though Mr. Bush uses the term "government" throughout his motion to refer to PRA, the City, and the Commonwealth, his allegations, and the public record, make clear that *PRA* initiated the Condemnation Action—not the City or the Commonwealth. Because there are no allegations that suggest that either the City or the Commonwealth had any involvement in the alleged 2003 taking, Mr. Bush could not prevail on a takings claim against either entity.

### 2. Federal claims arising from events in 2019 and 2020

Mr. Bush also seeks to assert claims against Defendants for a variety of procedural due process violations stemming from two hearings that occurred in the Condemnation Action in March and May of 2019. "The statute of limitations for a § 1983 claim arising in Pennsylvania is two years." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citations omitted). The statute begins to run "when the plaintiff knew or should have known of the injury upon which its action is based." *Id.* (quotation omitted). Mr. Bush cannot assert any Section 1983 claims based upon what transpired at the two hearings in 2019 because those claims are time-barred.

Throughout his Motion to Amend, Mr. Bush asserts that, given his non-possessory interest in the Property, the Due Process Clause of the Fourteenth Amendment afforded

him a right to be heard at the hearing that took place on March 6, 2019, when the Court of Common Pleas considered PRA's Petition for a Writ of Possession. He contends that Defendants violated his due process rights by failing to provide him with notice of the hearing and conducting the hearing without him. In addition, he claims that at the hearing on March 6, 2019, as well as the reconsideration hearing that took place on May 16, 2019, Defendants violated his due process rights by failing to appear or failing to present evidence regarding his interest in the Property. According to Mr. Bush, Defendants "knew about the hearing and the results of the hearing if they did not produce their evidence in their files before the plaintiff hearing in 2019. … They had the material evidence and the information that could have given the plaintiff the non-possessory interest he was entitled to." (ECF No. 18 at p.10 of 12.)

If Mr. Bush had viable due process claims based upon what occurred (or what did not occur) at the hearing on March 6, 2019, then he had to assert those claims within two years. He claims that he did not know about the hearing on that date, so maybe the discovery rule would toll the statute of limitations. But he moved for reconsideration on March 8, 2019, so he knew about his claims by then. He therefore had to assert his claims based on that first hearing by March 8, 2021. If Mr. Bush had viable due process claims based on the hearing on May 16, 2019, then he had to assert them by May 16, 2021. But Mr. Bush waited until June 18, 2021, to seek leave to amend his Complaint to include these claims. By then, the statute of limitations had expired. Mr. Bush cannot rely on the

relation back doctrine to save these time-barred claims. Even if his proposed amendments met the requirements of Fed. R. Civ. 15(c) (they do not), the Court dismissed his original Complaint with prejudice. Relation back applies only to a complaint dismissed without prejudice. *See A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 214 (3d Cir. 2014). Because these claims are time-barred, it would be futile to allow Mr. Bush to assert them.

Finally, Mr. Bush cannot assert a plausible takings claim based upon the demolition of the Property in 2020. To assert a viable takings claim, a plaintiff must have a constitutionally protected property interest. "To have a constitutionally protected property interest, a person must have a 'legitimate claim of entitlement.'" *Rogers v. Bucks Cnty. Domestic Rels. Section*, 959 F.2d 1268, 1274 (3d Cir. 1992) (quotation omitted). Mr. Bush has not alleged a legitimate claim of entitlement to the Property. On the contrary, the allegations in his Motion to Amend make clear that he cannot plead a plausible claim of entitlement to the Property in 2020. By that point, PRA was the record owner of the Property and had obtained a writ of possession to exclude Mr. Bush from it. In light of these allegations, Mr. Bush cannot state a plausible takings claim based on the 2020 demolition. To the extent Mr. Bush intends to state a takings claim based upon the destruction of his tools and records that he claims were in the Property when it was demolished, he could not do so. By his own admission, Mr. Bush received advanced notice "to gather his personal things" from the Property before it was demolished. (ECF No. 18

at p.8 of 12.) The Court also questions whether Mr. Bush could raise a constitutional claim for personal property that he had no right to store on the Property in the first place.

### 3. State Law Claims

Having determined that it would be futile to permit Mr. Bush to amend his Complaint to assert the various federal claims he identified in his Motion to Amend, the Court finds that it would be futile for Mr. Bush to amend his Complaint to assert state law claims based on implied contract, common law tort, and alleged violations of 2 Pa. C.S.A. §§ 101 and 553. Indeed, without a viable claim based on federal law, the Court would not have subject matter jurisdiction over Mr. Bush's state law claims.

## IV. CONCLUSION

Mr. Bush lost the ability to amend his Complaint once the Court entered its final order dismissing the Complaint with prejudice. However, even if he could seek leave to amend the Complaint, the Court would deny that request because Mr. Bush's proposed amendment would be futile. Therefore, the Court will deny his Motion to Amend. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J

Date:  September 13, 2022